7

FILED

AUG - 7 2008   ᴠɢ

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

POSTED ON WEBSITE

NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

In re                                      )        Case No. 08-10219-B-13
                                           )
Randall Frank Guerra and                   )        DC No. PLG-2
Ingrid Guerra,                             )
                                           )
            Debtors.                       )
_____)

**MEMORANDUM DECISION REGARDING MOTION TO VALUE
COLLATERAL OF JP MORGAN CHASE BANK, N.A.**

This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of res judicata and claim preclusion.

Rabin J. Pournazarian, Esq., appeared on behalf of debtors, Randall Frank and Ingrid Guerra (the "Debtors").

Timothy J. Silverman, Esq., appeared on behalf of secured creditor, J.P. Morgan Chase Bank ("Chase").

       The Debtors brought a motion (the "Motion") to value the collateral of Chase, a

2004 Kia Spectra (the "Kia"). The Debtors seek an order fixing the value of the Kia in an

amount less than the balance of Chase's claim for purposes of payment under the

Debtors' modified chapter 13 plan (the "Plan"). Chase opposes the Motion (the

"Opposition"). Chase contends that its claim is fully secured and must be paid in full

with interest at the contract rate.[1] For the reasons set forth below the Debtors' Motion to

_____

[1]The Plan provides for interest on Chase's claim at the rate of 8%. Chase contends that it is an over-secured creditor entitled to receive the full amount of its claim with interest at the contract rate of 23%. Although Chase's original loan contract provided for interest at the rate of 23% per annum, Chase did not object to the interest rate provided in the Plan, only to the

84

1 value the Kia will be denied.

2       The court held a preliminary hearing on the Motion and determined that there was

3 a disputed material factual issue regarding the value of the Kia which required an

4 evidentiary hearing.  The court issued a Pre-trial Order and Notice of Trial setting the

5 contested matter for a trial (the "Pre-trial Order").  The Pre-trial Order required, *inter*

6 *alia*, that each party lodge and serve on opposing counsel and chambers a statement of

7 their case, including a list of witnesses and copies of evidence to be presented.  Those

8 documents were due at least seven days prior to the trial.  Neither party complied with the

9 Pre-trial Order.  Subsequently the court issued an order deeming the failure to comply

10 with the Pre-trial Order to be a waiver, by both parties, of the right to an evidentiary

11 hearing pursuant to Federal Rule of Civil Procedure 43, vacated the scheduled trial, and

12 took the matter under submission.

13       This memorandum decision contains the court's findings of fact and conclusions

14 of law required by Federal Rule of Civil Procedure 52(a), made applicable to this

15 contested matter by Federal Rule of Bankruptcy Procedure 7052.  The court has

16 jurisdiction over this matter under 28 U.S.C. § 1334 and 11 U.S.C. § 506(a)(1) and (2)[2]

17 and General Orders 182 and 330 of the U.S. District Court for the Eastern District of

18 California.  This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(A).

19 **FINDINGS OF FACT.**

20       The Debtors commenced this case by filing a chapter 13 petition on January 14,

21 2008.  In their schedules, the Debtors listed the Kia as collateral for Chase's claim and

22 they valued the Kia at $6,300.  At that value, Chase's claim would be fully secured.

23

24 proposed valuation of its collateral.  Accordingly, on July 3, 2008, the court entered an order
   confirming the Plan, leaving only the valuation issue for resolution.

25

26       [2]Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy
   Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-

27 9036, as enacted and promulgated *after* October 17, 2005, the effective date of The Bankruptcy
   Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, Apr. 20, 2005, 119 Stat.

28 23.

1  Chase timely filed a proof of secured claim in the amount of $6,037 (claim docket #3) and

2  estimated the value of the Kia to be equal to or greater than the amount of its claim. The

3  Debtors' initial chapter 13 plan was filed with the petition. The initial plan, at Class 2,

4  estimated Chase's secured claim to be $6,033 and proposed to pay the secured claim with

5  8% interest.

6         The Debtors' initial chapter 13 plan was not confirmable and on March 26, 2008,

7  the Debtors submitted the Plan. Concurrent with the Plan, the Debtors filed this Motion

8  to value the Kia pursuant to 11 U.S.C. § 506(a)(1) and (2), in the amount of $2,279.[3]  In

9  connection with Debtors' Motions to value the Kia and confirm the Plan, Debtor Randall

10 Guerra ("Guerra") submitted a declaration, purportedly based on personal knowledge,

11 describing the Kia as follows:

12         On the filing date, I was the owner of a 2004 Kia Spectra four door
           sedan (the "Kia"). The Kia has dark blue paint; air conditioning;
13         manual transmission; mileage of 98,459, and is located in the ZIP
           code 93675. The Kia's vehicle condition is rough, in that [it] has
14         several mechanical and cosmetic issues in need of repair. The tires
           need to be replaced.
15

16        Guerra's declaration contains no opinion as to the value of the Kia.[4]  Neither the

17 initial plan, nor the Plan included Attachment M-3, a form in which a debtor can set forth

18 his opinion of value in the context of a motion to value the collateral securing a claim.

19 Chase objects to the proposed valuation of the Kia based on the material discrepancy in

20 values - more than $4,000 - between the Debtors' initial schedules and the subsequent

21 Motion.[5]

22

23        [3]On March 25, 2008, the Debtors filed an Amended Schedule D showing the Kia valued
24 at $2,279 and showing Chase to be unsecured in the amount of $3,758.

25        [4]Filed with Guerra's declaration was an unauthenticated document titled: "Edmonds.com
26 True Market Value Pricing Report." The court has not considered this attachment in that it is
   inadmissible hearsay and lacks any kind of foundation as an expert opinion.

27        [5]Chase contends the Kia should be valued at $7,115, the alleged retail replacement value
28 of a Kia in "excellent condition" according to the Kelley Blue Book. Chase objected to the

3

1  **ANALYSIS AND APPLICATION OF LAW.**

2      Federal Rule of Bankruptcy Procedure 3012 provides that the bankruptcy court

3  may determine the value of a secured claim on the motion of any party in interest.

4  Section 506(a)(1) of the Bankruptcy Code gives the court authority to determine the value

5  of the collateral in light of the purpose of the valuation:

6              An allowed claim of a creditor secured by a lien on property in
               which the estate has an interest . . . is a secured claim to the extent of
7              the value of such creditor's interest in the estate's interest in such
               property . . . and is an unsecured claim to the extent that the value of
8              such creditor's interest . . . is less than the amount of such allowed
               claim. Such value shall be determined in light of the purpose of the
9              valuation and of the proposed disposition or use of such property,
               and in conjunction with any hearing on such disposition or use or on
10             a plan affecting such creditor's interest.

11     Generally, a creditor's proof of claim constitutes prima facie evidence of the

12 validity and amount of its claim. *Brown v. IRS (In re Brown)*, 82 F.3d 801, 805 (8th Cir.

13 1996); Fed.R.Bankr.P. 3001(f). This presumption of the validity of the proof of claim

14 places the burden of producing evidence to rebut the presumption on the debtor. *Id.*

15 However, the ultimate burden of persuasion is on the creditor to prove by a

16 preponderance of the evidence the value of the collateral which secures its claim. *Id.*

17     The relevant time for determination of the value of a debtor's assets is the time of

18 filing the petition. § 506(a)(2). The Debtors had a duty to file complete and accurate

19 schedules with their bankruptcy petition and they had a duty to review those schedules for

20 truthfulness and accuracy before signing them under penalty of perjury. The Debtors'

21 schedules and the initial chapter 13 plan both valued the Kia to fully secure Chase's claim

22 as of the date of filing. It was not until the Debtors modified their plan and their

23 schedules, almost 10 weeks later, that they first stated a value for the Kia that was

24

25 _____

26 consideration of Guerra's statement regarding the Kia's "fair, bad or rough condition" and argues
   that Guerra, "had a contractual obligation to maintain the vehicle in 'good' condition. [Chase]
27 does not believe that it should be penalized as a result of the Debtor's neglect of the vehicle."
   (Declaration in Support of Objection to Confirmation of First Amended Chapter 13 Plan and
28 Motion to Value Collateral, p.3 para. 8.)

4

1  substantially less than Chase's claim.

2      Chase contends that the Kia was worth more than $7,000 at commencement of the

3  case. Chase argues, by inference, that the Kia declined in value *after* commencement of

4  the case. Guerra's declaration regarding the Kia's "rough" condition is written in the

5  present tense and does not offer any explanation for the difference between the value

6  listed in the original schedules, signed and submitted under penalty of perjury, and the

7  subsequent reduced value. For purposes of this Motion, the court does not need to fix a

8  value for the Kia unless it determines that the Kia was worth less than Chase's claim at

9  the commencement of this case. If the court determines that the Kia was worth more than

10  the amount of Chase's claim, at least $6,037, then the actual value is immaterial. The

11  value of a secured creditor's collateral is determined as of the date of filing of the petition

12  (§ 506(a)(2)) and the debtor has the burden of proving the reasonableness of any change

13  in value. As one bankruptcy court recently stated, in *In re Morales*:

> After reviewing the statute, the available caselaw, and the arguments
> of the parties, this Court concludes that the correct method for
> calculating the retail value of a vehicle under § 506(a)(2) ultimately
> depends on the facts presented in each case. *Cf. Taffi v. United
> States (In re Taffi)*, 96 F.3d 1190, 1193 (9th Cir. 1996), *cert. denied*,
> 521 U.S. 1103, 117 S. Ct. 2478, 138 L. Ed. 2d 987 (1997). As a
> general principle, however, this Court further concludes that, absent
> unusual circumstances, the retail value should be calculated by
> adjusting the Kelley Blue Book or N.A.D.A. Guide retail value for a
> like vehicle by a reasonable amount in light of any additional
> evidence presented regarding the condition of the vehicle and any
> other relevant factors. *See In re Coleman*, 373 B.R. 907, 912-13
> (Bankr. W.D. Mo. 2007); *In re Carlson*, No. 06-40402, 2006 WL
> 4811331, at *2 (Bankr. W.D. Wash. Dec. 8, 2006); *In re Eddins*, 355
> B.R. 849, 852 (Bankr. W.D. Okla. 2006). *Value should be
> calculated as of the petition date, not the valuation hearing. The
> burden in proving the reasonableness of any deviation from the
> guide retail value rests with the debtor because the debtor has the
> best access to information about the condition of the vehicle. See In
> re Coleman*, 373 B.R. at 913; *In re Eddins*, 355 B.R. at 852. This
> general approach offers the benefits of standardization and
> predictability to parties without automatically conflating the artificial
> guide retail value with the actual retail value of the vehicle.
>
> The Court's decision brings it into line with the general approach of
> most bankruptcy courts interpreting § 506(a)(2) and with the
> bankruptcy courts of the Ninth Circuit, as well as the traditional
> case-by-case approach to valuation established by the Ninth Circuit
> in *In re Taffi*.

1  *In re Morales*, 387 B.R. 36, 45 (Bankr. C.D. Cal. 2008) (footnote omitted) (emphasis
2  added).

3      The court's purpose in setting this issue for trial was to allow the Debtors and
4  Chase to present relevant evidence of the Kia's value at the time the petition was filed.
5  However, both parties waived the right to an evidentiary hearing. In the absence of any
6  such new evidence, the court must base its decision on *admissible evidence* in the record.

7      The only such admissible and unambiguous evidence before the court is Chase's
8  Proof of Claim and the Debtors' initial verified schedules, both of which suggest that
9  Chase's claim was fully secured at the commencement of this case. The principal of
10 judicial estoppel does not prevent the Debtors here from amending their schedules to
11 reflect changes in the stated value of the Kia. *In re Gonzalez*, 295 B.R. 584, 592 n.7
12 (Bankr. N.D. Ill. 2003.), citing *New Hampshire v. Maine*, 532 U.S. 742, 749, 121 S. Ct.
13 1808, 149 L. Ed. 2d 968 (2001). However, they also have the burden of explaining any
14 change in the valuation and the original schedules can be accepted as a judicial admission
15 of the Kia's value as of the date of the petition.

16      Because schedules are typically "prepared in haste without much
       thought being given to the values reflected therein," those values
17      merely have evidentiary value as admissions and are not conclusive.
       *In re Cobb*, 56 B.R. 440, 442 (Bankr. N.D. Ill. 1985); *see also In re*
18     *Hansen*, 95 B.R. 586, 589 (Bankr. C.D. Ill. 1989).

19 *In re Gonzalez*, 295 B.R. at 592 n.7.

20      Although the Debtors did amend their Schedule B, reducing the value of the Kia
21 by more than $4,000, they offer no explanation of the substantial reduction in value. As
22 the court explained in *Joyner Auto World v. George (In re George)*, 315 B.R. 624 (Bankr.
23 S.D. Ga. 2004), a case in which the debtor's equity in the collateral was at issue:
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

6

Both the Movant and Debtor failed to provide any evidence regarding Debtor's equity in the property or the value of the property. Due to the lack of evidence concerning value, the Court is forced to rely on the value of the vehicle listed in Debtor's Schedule D.  See *In re Applin*, 108 B.R. 253, 257-58 (Bankr. E.D. Cal. 1989)(noting that bankruptcy court could as a matter of discretion fill in evidentiary gaps by taking judicial notice of debtor's schedules).  The Debtor swore under penalty of perjury that the vehicle is worth $2,500.00. This statement of value constitutes a judicial admission. See *Larson v. Groos Bank*, N.A., 204 B.R. 500, 502 (W.D. Tex. 1996) ("[S]tatements in bankruptcy schedules are executed under penalty of perjury and when offered against a debtor are eligible for treatment as judicial admissions."); *Morgan v. Musgrove (In re Musgrove)*, 187 B.R. 808, 812 (Bankr. N.D. Ga. 1995)(holding entry in debtor's schedule constitutes judicial admission).

*In re George*, 315 B.R. at 627.

## CONCLUSION.

Based on the foregoing, the court is persuaded, based on the Debtors' original schedules, and their failure to adequately explain the subsequent and substantial reduction in the value of the Kia, that Chase's claim was fully secured on the date of the petition. The Debtors' motion to value the Kia in an amount less than Chase's claim will be denied.

Dated:    August **7** , 2008

W. Richard Lee
United States Bankruptcy Judge

7